UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**        'O'

| Case No. | 8:19-CR-00182-CAS | Date | September 27, 2021 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Varun Behl, Not Present<br>Rachel Agress, Not Present<br>Chelsea Norell, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MANVEL CARNEL RICHARDSON | NOT | X | | ALAN EISNER | NOT | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL; AND MOTION FOR A NEW TRIAL (Dkt. 219, filed August 27, 2021)

## I. INTRODUCTION AND BACKGROUND

One October 30, 2019, the government filed an indictment as to Manvel Carnel Richardson ("defendant") for one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1 ("Indictment"). The count against defendant arises from his alleged possession of seventeen rounds of Remington Peters .40 caliber ammunition in Orange County, California on or about July 21, 2018. Id. Defendant is alleged to have possessed such ammunition "knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Carrying and Using a Firearm in Commission of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), in the United States District Court for the District of Nevada, Case Number 09-CR-003, on or about June 30, 2009." Id.

Defendant's jury trial began on August 4, 2021. Dkt. 205. At trial, the government called four witnesses and introduced approximately twenty exhibits into evidence, including photographs, dash camera footage, audio recordings, and the ammunition at issue. Dkt. 212. The defense did not call any witnesses. Id. The two-day trial was completed on August 5, 2021. Dkt. 206. On August 6, 2021, the jury returned a verdict of guilty on the single count of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          'O'

being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Dkts. 207, 217-18.

Defendant timely moved for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29"), at the close of the government's case, and before the case was submitted to the jury. Dkt. 207; see Fed. R. Crim. P. 29(a). Defendant renewed that motion for acquittal on August 27, 2021, after the jury returned its verdict, and also moved in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). Dkt. 219 ("Mot."); see Fed. R. Crim. P. 29(c)(1); Fed. R. Crim. P. 33(b)(2). The government opposed defendant's motion on September 19, 2021. Dkt. 222 ("Opp."). By Court order, no reply was submitted, dkt. 207 at 2, but a hearing was held on September 20, 2021.

Having considered the parties' arguments and submissions, the Court finds and concludes and follows.

## II. LEGAL STANDARDS

Rule 29 provides that, after a jury returns a guilty verdict, a "court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). Courts reviewing a motion for judgment of acquittal under Rule 29(c) apply the same test as they do in evaluating a challenge to the sufficiency of the evidence. United States v. Ladum, 141 F.3d 1328, 1337 (9th Cir. 1998). When considering a motion for judgment of acquittal, courts must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hursh, 217 F.3d. 761, 767 (9th Cir. 2000). This is a two-step process: "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010). "Second, . . . the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original). "The hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high." United States v. Rocha, 598 F.3d 1144, 1153 (9th Cir. 2010). "[A]ny conflicts in the evidence are to be resolved in favor of the jury's verdict." United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201–02 (9th Cir. 2000).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial is "directed to the discretion of the district judge" and "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

### III.   DISCUSSION

Defendant moves for a judgment of acquittal or, in the alternative, for a new trial, arguing that "the verdict in th[e] case was not supported by sufficient evidence." Mot. at 2. The government objects, arguing that the evidence amply supports the jury's verdict, and that defendant improperly tries to "turn the Rule 29 standard on its head by examining the evidence in the light most favorable to him rather than -- as the law requires -- in the light most favorable to the government and the jury's verdict." Opp. at 5. Likewise, the government argues that "defendant cannot show that 'a serious miscarriage of justice may have occurred,' as Rule 33 requires to justify a new trial." Id. (citing United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000)).

In the Indictment, the government charged that, on or about July 21, 2018, in Orange County, defendant possessed 17 rounds of ammunition despite knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, in violation of Section 922(g)(1) of Title 18 of the United States Code. Dkt. 1. At trial, the government was required to prove, beyond a reasonable doubt, that: (1) the defendant knowingly possessed ammunition; (2) the ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the ammunition, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Dkt. 210 at Jury Instruction No. 12; see Ninth Circuit Model Criminal Jury Instructions, No. 8.65A (2010 ed.). The parties stipulated as to the third and fourth elements, defendant's prior felony conviction and knowledge of his felony status. See Dkt. 210 at Jury Instr. No. 12; Dkt. 212. That the government provided expert testimony sufficient to prove the second element (i.e., the prior transportation of the ammunition across state lines) beyond a reasonable doubt is not a close question. See, e.g., Tr. 8/5/21 at 85-97.[1] Accordingly, the central question in this case is whether the government adduced evidence sufficient for a rational jury to conclude, beyond a reasonable doubt, that defendant knowingly possessed the ammunition.

On this point, defendant argues that "[t]he trial testimony and the record in this case does not support defendant being in possession" of the ammunition at issue. Mot. at 7. Defendant contends that "inaccurate and unreliable pictures of the bullet box were shown to the jury"

---

[1] Although no formal transcript of the trial has been produced, the Court at times refers to a rough transcript made available to the Court by the court reporters. The page numbers cited will not necessarily reflect the page numbers in a formal transcript, if and when one is produced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL       'O'**

because the bullet box was "moved" prior to the photographs, that "[t]here was no forensic evidence" connecting defendant to the ammunition, that officer Chawla is not credible due to his "history" of not following departmental policy regarding his Digital Audio Recording Device, and that "[t]he Government's claim that defendant's denial of possession of a firearm was a tacit admission of his possession of ammunition requires a strained, non-contextual reading of the interrogation that is simply not supported by the evidence." Mot at 4-6.

In opposition, the government contends that "[a]s proven at [] trial, defendant was caught, in the backseat of a car, sitting on a loaded firearm magazine, within arm's reach of a box of matching ammunition. Further, defendant had been seated in that car on a long drive from Las Vegas, Nevada to Costa Mesa, California, where he was caught." Opp. at 5. Accordingly, the government argues, "[w]hen the evidence is viewed under the correct standard, a rational trier of fact could have found -- and, in fact, did find -- that the essential elements of the crime were met beyond a reasonable doubt." Id. at 5.

At trial, the government adduced significant evidence suggesting that defendant knowingly possessed the ammunition. Costa Mesa Police Department officers Vijay Chawla and Denny Bak both testified that they observed defendant sitting in the backseat of a vehicle immediately beside ammunition. See Tr. 8/5/21 at 13, 64, 103. Moreover, Officer Chawla testified that he saw defendant sitting on a loaded handgun magazine. Id. at 13, 17, 64. The government introduced photographs depicting the ammunition in the back seat of the vehicle and audio recordings that contain Chawla's and Bak's real-time reactions to their observation of the ammunition, and the magazine, in the back seat of the vehicle. See, e.g., id. at 14-19, 21, 104-106. Moreover, the jury heard defendant admit that he was sitting in the back seat of the vehicle for several hours before it was stopped by law enforcement. Id. at 34-37.

The jury was instructed that "[a] person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it." See Dkt. 210 at Jury Instr. No. 13. Importantly, during its deliberations, the jury asked whether it could examine the firearm magazine, apparently with a view towards determining whether the defendant would have been aware of its presence while sitting on it. See Dkts. 213, 214; Tr. 8/6/21 at 2-3, 7-8 (After the jury asked the Court whether it "would [] be possible to sit" on the firearm magazine, including in connection with a "car seat rather than a hardwood surface," the Court allowed the jury to access the magazine during its deliberations, but without any additional or alternative seating). Thereafter, applying the Court's instructions, the jury found that defendant knowingly possessed the ammunition. Here, the Court reaches a similar conclusion and finds that the government adduced evidence adequate for a rational fact finder to conclude, beyond a reasonable doubt, that defendant knowingly possessed ammunition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          'O'

With respect to the second element of the charged crime, the government called FBI special Agent Arrin Langdon, who testified that the ammunition had been transported in interstate commerce because it was recovered in California but was manufactured outside of California. See, e.g., Tr. 8/5/21 at 85-97. This evidence is sufficient for a rational fact finder to conclude, beyond a reasonable doubt, that the ammunition was transported in interstate commerce. As noted previously, the parties stipulated as to the third and fourth elements of the charged crime, defendant's prior felony conviction and knowledge of his felony status. See Dkt. 210 at Jury Instr. No. 12; Dkt. 212. Accordingly, the Court concludes that the government present evidence at trial sufficient for a rational trier of fact to convict defendant on the single count for possession of ammunition.

Defendant's arguments to the contrary are unavailing. With respect to the lack of forensic evidence, the government called Aimee Yap, a Forensic Scientist at the Orange County Crime Lab, who testified that, in her experience, more than fifty percent of cases involving touch DNA result in insufficient DNA to make a DNA comparison. Tr. 8/5/21 at 81. The government was not required to introduce DNA or other forensic evidence to prove its case beyond a reasonable doubt. See United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir. 1993) (rejecting defendant's argument that "the only evidence linking him to the firearms was his proximity to them and that [it was therefore] inadequate to establish constructive possession"). Likewise, defendant's attempt to impugn the credibility of percipient witnesses Chawla and Bak (see Mot. at 4-6) fundamentally misunderstands Rule 29, which leaves credibility determinations to the jury, and calls for evidence to be viewed in the light most favorable to the prosecution. See Nevils, 598 F.3d at 1164.

Accordingly, viewing the evidence in the light most favorable to the prosecution, defendant's Rule 29 motion for an acquittal fails because the Court concludes that a rational trier of fact could find, beyond a reasonable doubt, that the four essential elements of the crime of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), were present in this case. See Hursh, 217 F.3d. at 767.

With respect to defendant's motion for a new trial pursuant to Rule 33, the Ninth Circuit has stated that such motions "should only be granted in exceptional cases in which the evidence preponderates heavily against the verdict." See Pimentel, 654 F.2d at 545. This is not one of those cases. As described herein, the evidence presented at trial supports the jury's verdict, and defendant did not raise any other grounds that would support the granting of a new trial. Accordingly, defendant's Rule 33 motion for a new trial fails. See U.S.A. v. Brown, No. 2:17-CR-0047(A)-CAS, 2019 WL 3718780, at *4 (C.D. Cal. Aug. 5, 2019) (denying Rule 33 motion for new trial where the evidence supported the jury's verdict and defendant identified no other injustice which would require a new trial); United States v. Thomas, No. CR14-0096-JCC, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**      'O'

WL 13091369, at *2 (W.D. Wash. July 7, 2015) (denying Rule 33 motion for new trial where defendant "d[id] not cite evidence preponderating heavily against the verdict").

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for judgment of acquittal or a new trial.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |